MINERVA T. NYE *et al. vs.* CHARLES H KOEHNE *et al.*

NEWPORT—MAY 18, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)    *Trusts.   Powers.   Equity.*

H. by will devised an estate to X. for life, and after her decease directed that the estate should be sold and the proceeds of sale be divided as follows :    one-half to A., but to be held in trust for her sole use by his executor or

trustee ; one-quarter to B. and one-quarter to C.   After the death of the life-tenant, upon a bill to get in the legal title brought against the heirs at law of the testator and the administrator *c. t. a.* by those entitled to the proceeds of the estate :—

*Held*, that the gift to A. was an absolute gift, and not for life.

*Held*, further, that as the complainants were the equitable owners in fee, the respondent heirs at law holding a bare legal title subject to be defeated by the sale under the terms of the will by the administrator *c. t. a.*, and as the complainants, to whom all the proceeds of the sale would go, could buy the estate at any price, the desired result would be reached in a simpler way by granting the prayer of the bill.

BILL IN EQUITY brought by parties entitled to the beneficial use of an estate against the heirs at law of the testator and the administrator *c. t. a.*, to get in the legal title to the estate.   The facts were as follows :

Rowland R. Hazard devised the estate to his widow during life, then to Lydia B. Van Zandt during life ; and after the deaths of the life-tenants he directed that the estate should be sold and the proceeds of sale divided as follows : one-half of the proceeds of sale to Anna H. Montgomery, but to be held in trust for her sole use by his executor or trustee ; one-quarter of the proceeds to Lydia B. Torry and one-quarter thereof to Charlotte Flushing.

Both life-tenants were deceased.   Anna H. Montgomery died, devising her interest to Edward Van Zandt, who at his decease devised said interest to certain of the present complainants.

The executor of the will of said Hazard was deceased, and no trustee had been appointed under said will ; the respondent Koehne had been appointed administrator *c. t. a.*

For previous opinions in this case see *Van Zandt* v. *Garretson*, 21 R. I. 352, and 21 R. I. 418.

Heard on demurrer to bill, and demurrer overruled.

PER CURIAM.   The court is of opinion that the gift to Anna H. Montgomery, in the will of Rowland R. Hazard, of a half-part of the proceeds of real estate ordered to be sold by his executor, was an absolute gift.   The respondents who demur to the bill claim that, as it was left in trust for her, she took

only a life-estate. The money was to be held in trust "for her sole use," without a gift over. The presumption is that the testator did not mean to leave this portion as intestate property. The respondents argue that if this is held to be an absolute gift, she could have defeated the trust. That would have depended upon circumstances, such as her coverture, improvidence, mental incapacity, etc. Nothing appears in the will or the circumstances of the gift to show that it was to be less than absolute, but the contrary intent is evident. This being so, the respondents, as heirs of Rowland R. Hazard, are nominal parties simply, holding a bare legal title, subject to be defeated by sale, but having no further interest in the estate. The complainants are all the beneficiaries to whom the proceeds of the estate are payable if a sale should be made. They ask for a conveyance of the legal title to them as equitable owners in fee. The respondents contend that a sale must be made, according to the terms of the will. To what purpose would this be? The complainants, to whom all the proceeds would go, could buy it at any price and then receive a deed. The same result is reached in a simpler way by granting the prayer of the bill. It is their property in equity. The respondents hold the legal title practically as trustees for the complainants, and we see no reason why they should not convey it, since they all desire it to be done.

Demurrer overruled.

*Samuel R. Honey,* for complainants.

*Charles H. Koehne, Jr., pro se ipso.*

*Robert W. Burbank,* for certain respondents.